## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOANNE CARRERO | : | |
| 276 Washington Avenue | : | |
| Dover, NJ 07801 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| v. | : | |
| | : | |
| ONE TO ONE FEMALE CARE, P.A., | : | |
| d/b/a ONE TO ONE | : | **JURY TRIAL DEMANDED** |
| 111 Madison Avenue, Ste. 305 | : | |
| Morristown, NJ 07960 | : | |
| and | : | |
| DAVID GARFINKEL, M.D. | : | |
| 111 Madison Avenue, Ste. 305 | : | |
| Morristown, NJ 07960 | : | |
| and | : | |
| CHERYL GARFINKEL | : | |
| 111 Madison Avenue, Ste. 305 | : | |
| Morristown, NJ 07960 | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1.  This action has been initiated by Joanne Carrero (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq.*) and applicable state law(s). Plaintiff asserts herein that she was not paid wages or overtime compensation in accordance with applicable state and federal laws, subjected to retaliation, and experienced discrimination as to her benefits and other terms and conditions of employment. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2.       This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA.  There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.       This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.       Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5.       The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.       Plaintiff is an adult individual, with an address as set forth in the caption.

7.       One to One Female Care, PA, d/b/a One to One (hereinafter "Defendant OFC") is an entity operating through multiple locations providing medical care focused in obstetrics, general gynecology, and other office or surgical procedures (but focusing overall on female medical needs).

8.       David Garfinkel, M.D. (hereinafter "Defendant DF") is the primary physician, shareholder, and owner-operator of Defendant OFC overseeing all operations.

9.    Cheryl Garfinkel (hereinafter "Defendant CG") is the wife of Defendant DF, and she functionally oversees office-related matters, human resources, payroll, and benefit administration.  She would be categorized objectively as an Office Manager of Defendant OFC.

10.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  FACTUAL BACKGROUND

11.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.    Plaintiff has and remains a *current* employee of Defendant OFC, and she has worked in the position of Obstetrical Liaison. In particular, Plaintiff is a Licensed Practical Nurse ("LPN").

13.    Plaintiff was originally hired by Defendants in or about November of 2017; and in total, Plaintiff has been employed with Defendants for approximately 2 years.

14.    During Plaintiff's entire tenure with Defendants, she has been paid an hourly rate per hour worked (as opposed to flat fees, salary or other formats of compensation). Plaintiff is paid at a rate of $21 *per hour* with her compensation fluctuating depending upon hours worked per pay period.

15.    From hire (in late 2017) until in or about February of 2019 (almost 1.5 years), Plaintiff worked substantial overtime (well over 40 hours per week). It was not uncommon for Plaintiff to work up to 100 hours in a bi-weekly payroll period (with at least 20 hours of overtime having been worked).

16.     Despite working substantial overtime, Plaintiff was never compensated at a rate of time and one half per hour worked over 40 hours per week. Instead, Plaintiff was paid at her same hourly rate (also known as "straight time") for every hour worked, regardless of the number of hours she worked.  In other words, Defendants *knowingly* failed to pay Plaintiff the additional $10.50 per hour earned had Plaintiff been paid lawfully.

17.     Someone working in Plaintiff's position cannot qualify for any overtime exemption under state or federal law because: (1) they are hourly; and (2) the duties Plaintiff performed were non-exempt. *See e.g. Adkins v. Phoenix Rising Behavioral Healthcare & Recovery, Inc.*, 2016 U.S. Dist. LEXIS 135743 * (N.D. Ohio 2016)(explaining it is undisputed that hourly LPNs are non-exempt employees and entitled to overtime compensation under applicable laws).

18.     In the months leading up to February 2019, Plaintiff had communicated with Defendants on numerous occasions explaining *inter alia* that: (1) she had done her own research; (2) she believed she was supposed to be paid overtime; and (3) that Defendants were not complying with legal requirements.

19.     On one of the most recent occasions in which Plaintiff registered concerns of non-payment of overtime (pre-medical leave as discussed *infra*), she was verbally attacked and berated. In particular, Plaintiff was questioned about her finances and admonished that she has a family to take care of suggesting implicitly Plaintiff better not complain again or she may lose her job and have no income at all.  Despite being threatened for raising overtime violations with Defendants, Defendants ignored Plaintiff's actual legal concerns raised.

20.     In an effort to retaliate against Plaintiff and to punish her (and/or force to have to quit), Defendants substantially reduced Plaintiff's income in or about February of 2019. They did

so by cutting the number of hours Plaintiff normally worked. Specifically, Plaintiff went from consistently worked between 80-100 hours per bi-weekly period to only being scheduled 4 days per week and up to 25-27 hours per week (well under even full-time hours).

21.     This substantial reduction in Plaintiffs hours, schedule and income caused Plaintiff significant financial harm and emotional distress. Plaintiff endured this hardship from in or about February of 2019 through in or about June of 2019 (as she is *currently* on medical leave).

22.     Effective on or about June 14, 2019 (Plaintiff's last day of physical work, as of this lawsuit filing date), Plaintiff commenced a medical leave of absence for the birth of her child.

23.     Plaintiff gave birth to her child on July 9, 2019. Plaintiff requested leave until the first half of October 2019, and she was informed she was informed by Defendants that leave end date was approved.

24.     While on medical leave, Defendants have continued to treat Plaintiff discriminatorily and retaliatorily. Plaintiff has: (1) been required to pay 100% of her own health insurance premiums unlike others; and (2) Plaintiff has been denied use of paid time off / vacation time.

25.   In summary, Plaintiff is:

(1) Owed over a year of unpaid overtime compensation, which must – by law – be doubled as liquidated damages for Defendants' conduct.[1]

(2) Owed substantial income from her reduction in hours from February through June 2019, which was done solely for retaliatory reasons of her exercising her legal rights as aforesaid;

(3) Owed substantial income from disparate treatment of her with respect to employment benefits while on maternity leave as aforesaid;

(4) Owed substantial compensation for emotional distress, entitled to liquidated and punitive damages, and all other damages such as reasonable legal fees, costs, interest and other penalty-related damages; and

(5) Owed mandatory reinstatement to her prior schedule / job position; or alternatively, damages for future lost earnings.

26.   Defendants DG and CG oversee operations, are high-level management and/or owners, and exercised control over Plaintiff's hours, pay, and benefits. And they personally orchestrated the unlawful pay system and retaliatory / discriminatory measures taken against

---

[1] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

Plaintiff. They are properly identified herein as individual Defendants for personal asset attachment in addition to that of corporate liability.[2]

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime)
### - Against All Defendants -

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.     Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

## Count II
## Violations of the New Jersey Wage & Hour Law ("NJ WHL") / NJ Paid Sick Leave Law
### (Failure to Pay Overtime Compensation)
### - Against All Defendants -

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the NJ WHL.

31.     Plaintiff has been deprived of statutorily available sick time usage, which violates the New Jersey Sick Leave Law.

## Count III
## Violations of the Fair Labor Standards Act ("FLSA")
### (Retaliation)
### - Against All Defendants -

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[2] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages are appropriate defendants under the FLSA and may be individually liable for such violations).

33.     Plaintiff made multiple verbal complaints of unpaid overtime compensation, constituting non-compliance with federal law. Plaintiff experienced severe retaliation in the form of a scheduling cut, reduced hours, and benefit loss. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011)(the FLSA prohibits retaliation for an employee's verbal complaints of non-payment of overtime).

**Count IV**
**Violations of the New Jersey Conscientious Employee Protection Act ("CEPA")**
**(Retaliation)**
**- Against All Defendants -**

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     Plaintiff made good-faith complaints of illegality in non-payment of wages / overtime, which was an overall unlawful practice of Defendants affecting her and other employees.

36.     Plaintiff experienced severe retaliation in the form of a scheduling cut, reduced hours, and benefit loss.

37.     These actions as aforesaid constitute unlawful retaliation under CEPA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations, as well as discriminatory and retaliatory practices;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C.      Plaintiff is to be awarded actual damages to which she legally entitled beyond those already specified herein (including reinstatement to her prior schedule with proper pay – or alternatively – future lost earnings);

D.      Plaintiff is to be awarded liquidated and punitive damages as permitted by applicable law(s);

E.      Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.      Plaintiff is permitted to have a trial by jury.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 20, 2019

9